```
              IN THE UNITED STATES DISTRICT COURT
             FOR THE WESTERN DISTRICT OF TENNESSEE
                        WESTERN DIVISION
```
_____

MARIE BREWER,                    )
                                 )
      Plaintiff,                 )
                                 )
vs.                              )         No. 05-2791BV
                                 )
TECHNICOLOR and PARAMOUNT        )
STAFFING,                        )
                                 )
      Defendants.                )
_____

      REPORT AND RECOMMENDATION ON DEFENDANT'S RULE 37 MOTION TO
   DISMISS AS A SANCTION FOR FAILURE TO RESPOND TO FOR FAILURE TO
    PARTICIPATE IN DISCOVERY AND COMPLY WITH ORDERS OF THE COURT
_____

     Before the court are the following three motions of the defendants, Technicolor and Paramount Staffing, pursuant to Rule 37 of the Federal Rules of Civil Procedure to dismiss the complaint filed *pro se* by the plaintiff, Marie Brewer: (1) the defendant Paramount Staffing's November 13, 2007 motion to dismiss for failure to submit Rule 26(a)(1) initial disclosures and to respond to the defendants' discovery request; (2) the defendant Paramount Staffing's November 29, 2007 renewed motion to dismiss as a sanction for failing to comply with the court's discovery order of November 14, 2006, requiring the plaintiff to serve her Rule 26(a)(1) initial disclosures and responses to the defendants' interrogatories and requests for production of documents by

November 28, 2006; and (3) the defendant Technicolor's[1] January 3, 2007 motion for default judgment or dismissal with prejudice for plaintiff's failure to provide discovery and to appear at her duly noticed deposition.  In the alternative, the defendants seek dismissal pursuant to Rule 41 for failure to prosecute.  The motions were referred to the United States Magistrate Judge for a report and recommendation and/or determination.  The plaintiff has not responded to any of the motions, and the time for response has expired. For the reasons that follow, it is recommend that Paramount and Technicolor's motions to dismiss be granted, and that the plaintiff's complaint be dismissed with prejudice.

## PROPOSED FINDINGS OF FACT

Pursuant to the April 14, 2006 Scheduling Order, the plaintiff's Rule 26(a)(1) disclosures were due April 28, 2006. The plaintiff failed to file her Rule 26(a)(1) disclosures.  On July 21, 2006, Paramount Staffing served interrogatories and requests for production of documents on the plaintiff. The plaintiff failed to respond.  On October 17, 2006, Paramount Staffing moved to compel the plaintiff to provide her initial disclosures and to respond to Paramount Staffing's written discovery requests.  The plaintiff failed to respond to the motion to compel. The court

---

[1] Technicolor states that its true name is Technicolor Videocassette of Michigan, Inc. d/b/a Technicolor Distribution Company and it has been erroneously referred to as Technicolor in the complaint.

2

granted Paramount Staffing's motion to compel on November 14, 2006, and directed the plaintiff to serve her initial disclosures and written responses to Paramount Staffing's discovery requests within eleven days, which would have been on or before November 28, 2006. In its order, the court warned, "The Plaintiff is warned that, henceforth, failure to comply with proper discovery requests and/or orders of the court may lead to dismissal of the Complaint." The plaintiff failed to serve her initial disclosures and discovery responses as ordered by the court. On November 29, 2006, Paramount Staffing filed its renewed motion to dismiss the complaint[2] as a sanction for failing to comply with the court's order to provide discovery responses. The plaintiff failed to respond to the renewed motion.

On December 5, 2006, the defendant Technicolor properly and timely noticed the plaintiff's deposition for Friday, December 22, 2006. The plaintiff failed to appear at the designated location for her deposition on December 22, 2006. On December 29, 2006, the defendant Technicolor filed its motion for default judgment or dismissal with prejudice. The plaintiff has failed to respond to Technicolor's motion, and the time for responding has expired.

In summary, to date the plaintiff has not provided either

---

[2] Paramount Staffing filed its first motion to dismiss for failure to submit Rule 26(a)(1) initial disclosures and to respond to the defendants' discovery request on November 13, 2006. The plaintiff failed to respond to that motion.

3

defendant with her initial disclosures, she has not provided responses to Paramount's written discovery as ordered by the court, she failed to appear for her deposition, and she has not filed a response to any of the three motions to dismiss.  In short, other than filing a *pro se* complaint on October 25, 2005 and appearing for a scheduling conference on March 8, 2006, the plaintiff has filed no other pleadings or taken any further actions whatsoever to prosecute her case.

## PROPOSED CONCLUSIONS OF LAW

If a party fails to serve answers to interrogatories or produce documents after proper service of discovery requests, the court "may make such orders that are just" including the imposition of any of the sanctions listed in Rule 37(b)(2)(A),(B), & (C), among which is dismissal of the action. FED. R. CIV. P. 37(d).  The same sanctions can be imposed for failure to disclose information required by Rule 26.   FED. R. CIV. P. 37(c). The Sixth Circuit regards the sanction of dismissal under Rule 37 for failure to cooperate in discovery to be "the sanction of last resort."  *Beil v. Lakewood Eng'g and Mfg. Co.*, 15 F.3d 546, 552 (6th Cir. 1994). Dismissal may be imposed "only if the court concludes that a party's failure to cooperate is due to willfulness, bad faith or fault."  *Regional Refuse Sys. v. Inland Reclamation Co.*, 842 F.2d 150, 154 (6th Cir. 1988).  In determining whether to dismiss an action for failure to cooperate in discovery, the court should

consider (1) whether the party acted with willfulness, bad faith, or fault; (2) whether prejudice resulted from the discovery violation; (3) whether the party had been warned that her conduct could lead to extreme sanctions; and (4) whether less drastic sanctions were previously imposed or should be considered. *Freeland v. Amigo*, 103 F.3d 1271, 1277 (6th Cir. 1997); *Bass v. Jostens*, Inc., 71 F.3d 237, 241 (6th Cir. 1995); *Bank One of Cleveland, N.A. v. Abbe*, 916 F.2d 1067, 1073 (6th Cir. 1990).

Dismissal of the plaintiff's complaint is an appropriate sanction in this case. All four factors of the Sixth Circuit's test are satisfied. First, the plaintiff's failure to disclose Rule 26(a)(1) information and to respond to interrogatories and requests for documents is due to her own willfulness and fault. To dismiss an action *with* prejudice under Rule 37, the Sixth Circuit has held that the first factor is satisfied only if "a clear record of delay or contumacious conduct" exists. *Freeland*, 103 F.3d at 1277. In the present action, the plaintiff has had ample time, over nine months, to serve her Rule 26(a)(1) initial disclosure and over six months to respond to Paramount Staffing's discovery requests. The plaintiff, however, to date has failed to submit initial disclosures, to respond to discovery requests, to file a response to the motion to compel, to comply with the court's order, and finally, failed to even respond to the motions to dismiss. This course of conduct constitutes a clear record of delay and

5

evidences the plaintiff's willful behavior in not responding.

Second, the defendants have been prejudiced because they have been unable to move forward in their trial preparation without the plaintiff's responses to the discovery requests.  Furthermore, the plaintiff's failure to respond has forced the defendants to waste time, money, and effort in pursuit of information that the plaintiff was legally obligated to provide.

Third, the plaintiff was clearly and definitively warned by the court that failure to comply with the court's order would lead to extreme sanctions.  The court's November 14, 2006 order firmly stated that failure to comply would result in dismissal of the complaint.

Finally, less drastic remedies would be ineffective.  The plaintiff has exhibited a disregard for the defendants' repeated requests for discovery and has shown contempt for an order of this court.  In light of those facts, alternative remedies would be ineffective.

Dismissal is also appropriate under Rule 41 for failure of the plaintiff to comply with this court's order. Rule 41(b) provides:

> (b) Involuntary Dismissal: Effect Thereof.  For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against the defendant.  Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision and any dismissal not provided for in this rule, other than a dismissal for lack of jurisdiction, for improper venue, or for failure to join a party under Rule 19, operates as an adjudication upon the merits.

6

Here, the plaintiff has failed to comply with an order of the court and has offered no justification for her failure. The plaintiff was sufficiently warned that failure to comply with the court's order would result in dismissal of her claims against the defendants.

## CONCLUSION

Accordingly, it is recommended that the plaintiff's complaint be dismissed without prejudice as to both defendants under Rules 37 and 41(b).

Respectfully submitted this 2nd day of February, 2007.

s/Diane K. Vescovo
DIANE K. VESCOVO
UNITED STATES MAGISTRATE JUDGE

### NOTICE

ANY OBJECTIONS OR EXCEPTIONS TO THIS REPORT MUST BE FILED WITHIN TEN (10) DAYS AFTER BEING SERVED WITH A COPY OF THE REPORT. 28 U.S.C. § 636(b)(1)(C). FAILURE TO FILE THEM WITHIN TEN (10) DAYS MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND FURTHER APPEAL.